UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR No. 19-113WES |
| : | |
| ROBERT BELL. : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Robert Bell is in violation of the terms of supervised release and, if so, for recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on March 4 and May 30, 2024. For the duration of these proceedings, Defendant remained released on previously imposed conditions. At the May 30, 2024, hearing, Defendant waived a revocation hearing and admitted all three of the charged violations. Based on Defendant's admissions and the following analysis, I recommend that the Court find that Defendant has violated conditions but impose no consequence for these violations.

**I.    BACKGROUND**

On October 18, 2023, the Court granted the Probation Office's petition for the issuance of a warrant charging Defendant with the following violations:

**Violation No. 1: The defendant shall not commit another federal, state, or local crime.**

On October 11, 2023, Mr. Bell committed the offense of Possession of Firearm Prohibited – Person Convicted of Crime of Violence (Felony), as evidenced by his arrest by Rhode Island State Police, and charges filed in 3rd Division District Court under Case No. 32-2023-06499.

**Violation No. 2: The defendant shall not commit another federal, state, or local crime.**

On July 8, 2023, Mr. Bell committed the offenses of DUI of Liquor – Blood Alcohol Concentration Unknown – 1st Offense (Misdemeanor), and Reckless Driving and Other Offenses Against Public Safety – 1st Offense (Misdemeanor), as evidenced by his arrest by the Rhode Island State Police, and charges filed in 2nd Division District Court under Case No. 21-2023-01033.

**Violation No. 3: The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

Mr. Bell used marijuana on or around January 5, 2023, and April 14, 2023, as evidenced by his positive drug tests on said dates.

On the state charges underlying Violation No. 2, Defendant pled nolo contendere to reckless driving and received a non-incarcerative sentence; on the state charges underlying Violation No. 1, Defendant pled nolo contendere to carrying a pistol/revolver without a license and was sentenced to serve six months of a five-year sentence. Defendant was also sentenced to thirty days as a probation violator. Upon the completion of these incarcerative sentences and his release by the state, Defendant appeared initially before the Court on March 4, 2024. Proceedings were continued to May 30, 2024, with Defendant released on existing conditions. At the second hearing, Defendant waived his right to a revocation hearing and admitted Violation Nos. 1-3. Based on these admissions, I find Defendant guilty of violating the terms and conditions of his supervised release.

## II.     APPLICABLE LAW

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court finds by a

2

preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond five years if the instant offense was a Class A felony, three years for a Class B felony, two years for a Class C or D felony, or one year for a Class E felony or a misdemeanor. In this case, Defendant was on supervision for a Class C felony; therefore, he may not be required to serve more than two years imprisonment upon revocation.

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) of the United States Sentencing Guidelines ("USSG") provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life.

Section 7B1.1 of the USSG provides for three grades of violations (A, B and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct that is punishable by a term of imprisonment exceeding one year, and that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision. Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon a finding of a Grade C violation, the Court may revoke, extend or modify the conditions of supervision. In this case, Defendant has committed Grade B violations; therefore, the Court shall revoke the conditions of supervision.

Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided

4

that at least one half of the minimum term is satisfied by imprisonment.  The second provision, which allows for alternatives for any portion of the minimum term, applies to this matter.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the defendant was originally sentenced.  In this instance, Defendant had a Criminal History Category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  In this case, Defendant committed Grade B violations and has a Criminal History Category of III.  Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**III.     ANALYSIS**

On March 5, 2020, Defendant resolved the underlying case by pleading guilty to aiding and abetting the distribution of fentanyl and conspiracy.  He was sentenced to a total of thirty-two months of imprisonment followed by three years of supervised release.  Supervision

commenced on July 28, 2022, with a projected expiration on July 27, 2025.  Except for two instances of marijuana use on January 5 and April 14, 2023 (Violation No. 3) that Defendant claimed was medicinal, Defendant was respectful and cooperative with supervision, working, attending treatment, getting his GED, taking a parenting class and caring for his children.

On July 8, 2023, Defendant was arrested for the misdemeanor of driving under the influence of liquor (unknown blood alcohol levels) and reckless driving (speeding and driving erratically) (Violation No. 2).  Defendant resolved this charge by pleading nolo contendere to reckless driving and received a suspended sentence with probation.  On October 11, 2023, Defendant was pulled over while driving; law enforcement found an "air compressed projectile device" that Defendant told officers he kept for protection because he knew he was not permitted to have a gun.  Based on his possession of the device, Defendant was charged with a state felony – possession of a firearm by a prohibited person (a person convicted of a crime of violence). Ultimately, Defendant pled nolo contendere to carrying a pistol or revolver without a license or permit and was sentenced to serve six months of a five-year term.  This state law crime is the basis for Violation No. 1.  As Defendant represents, and the government agrees, the device that formed the basis for this state criminal charge is not considered a firearm under federal law.

Since his release by the state, Defendant reinstated his driver's license, reengaged with treatment, has actively worked on finding new employment and has been responsive to supervision.  As his supervising officer noted, after the setback cause by his state criminal conduct, Defendant immediately began to take productive steps towards setting himself up for success.  In light of this pattern of compliance, Defendant urged the Court to consider the consequences he received from the state, particularly for possession of a device that is not considered a firearm under federal law, and to impose no adverse sanction for the violations.

The government concurred, acknowledging Defendant's progress and agreeing that no incarceration should be imposed and that Defendant should continue on his existing term of supervision with the same conditions.

I agree with and adopt the parties' joint recommendation. I urge the Court to find that Defendant has violated conditions, but that the current supervision term should not be revoked. That is, I recommend that the Court impose no consequence and continue Defendant on the same term of supervised release with the existing conditions.[1]

IV.   **CONCLUSION**

After considering the appropriate factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that the Court find that Defendant has violated his conditions of supervised release but impose no incarceration and continue Defendant on the existing supervision term with the existing conditions. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 1, 2024

---

[1] In light of this recommendation for which Defendant expressed his appreciation, I did not separately afford Defendant an opportunity for allocution in mitigation of sentence. Should the Court disagree with my recommendation, Defendant should be allowed to make a statement in mitigation pursuant to Fed. R. Crim. P. 32.1(b)(2)(E).